### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

JESSE W. ROBINSON                    )
                                     )
Plaintiff,                           )
                                     )
vs.                                  )     NO: 2:06-CV-413
                                     )
RIH ACQUISITIONS, et al.,            )
                                     )
Defendants.                          )


## OPINION AND ORDER

This matter is before the Court on Defendants, R.I.H. Acquisitions Indiana, LLC d/b/a Resorts East Chicago and Diane Hensley's, Motion to Dismiss for Failure to State a Claim upon Which Relief Can be Granted Or Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative, Motion for More Definite Statement, filed on December 27, 2006 [DE 12].  For the reasons stated below, this motion [DE 12] is **GRANTED**, and the Clerk is **ORDERED** to **DISMISS** this case **WITH PREJUDICE**.  Furthermore, Defendants' request for a hearing on the motion to dismiss [contained in DE 27 and 32] is **DENIED** and Defendants, R.I.H Acquisitions Indiana, LLC d/b/a Resorts East Chicago and Diane Hensley's, Memorandum of Law in Support of Motion to Dismiss [DE 30] is **STRICKEN**.


BACKGROUND

On December 12, 2006, Jesse Robinson ("Robinson") filed a

complaint naming Resorts East Chicago Casino, Diane Hensky [1] (the
beverage server supervisor), Jane Doe (a beverage server), and John
Doe #1 (a security officer), John Doe #2 (also a security officer),
and Reggie Doe (the security officers' supervisor) as defendants.  The
complaint is brought pursuant to 42 U.S.C. section 1983, and alleges
violations of Robinson's First, Fourth, Fifth, Eighth, Ninth and
Fourteenth Amendment rights under the United States Constitution,
allegedly resulting from an altercation with Jane Doe and subsequent
events that involved Diane Hensley, John Doe #1, John Doe #2, and
Reggie Doe.  Robinson alleges that he was mistreated and discriminated
against by Defendants.

     In response to Robinson's complaint, Defendant filed the instant
motion to dismiss.  The motion alleges that the complaint should be
dismissed both because it fails to state a claim under Federal Rule
of Civil Procedure 12(b)(6) and because this Court lacks subject
matter jurisdiction.  The motion also requests that, should this Court
not dismiss the matter, that plaintiff be ordered to file a more
definite statement.

     On January 23, 2007, this Court took the instant motion under
advisement, and ordered Robinson to file a response on or before
February 5, 2007.  Plaintiff was warned that failure to respond may

---

[1]This appears to be a misspelling referencing Diane Hensley.

result in the Court summarily ruling on this matter. In response, Robinson sought appointment of counsel, and this Court delayed ruling on the instant motion while the magistrate judge determined whether appointment of counsel was appropriate.  On May 22, 2007, a hearing was held regarding Robinson's request for appointment of counsel. Robinson failed to appear, and the request was denied, for failure to prosecute the motion.  In keeping with his failure to prosecute this matter, Robinson has failed to file a response to the instant motion to dismiss.

Additionally, Defendants May 1, 2007 filing sought a hearing on the instant motion to dismiss.  And, on May 25, 2007, Defendant filed a document titled "Defendants, R.I.H. Acquisitions Indiana, LLC d/b/a Reports East Chicago and Diane Hensley's, Memorandum of Law in Support of Motion to Dismiss."  The filing of this memorandum, five months after the initial motion, is not provided for in the Federal Rules of Civil Procedure, and Defendants did not seek leave of court to supplement its motion.  Accordingly, the memorandum [DE 30] is **STRICKEN** and has not been considered by this Court in reaching its decision.

DISCUSSION

For the purpose of analyzing Defendants' Rule 12(b)(1) claim, the following standards apply.  Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims over which

the federal court lacks subject matter jurisdiction.  Jurisdiction is the "power to decide" and must be conferred upon a federal court.  *In re Chicago, Rock Island & Pac. R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986).  When jurisdictional allegations are questioned, the plaintiff has the burden of proving that the jurisdiction requirements have been met.  *Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).  In reviewing a Rule 12(b)(1) motion to dismiss, the Court may look beyond the complaint and review any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists.  *United Transp. Union v. Gateway Western R.R. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996).

To the extent Defendants' claims are under Rule 12(b)(6), the Court will apply the following guidelines.  The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not to decide the merits.  *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989).  In determining the propriety of dismissal under Federal Rule of Civil Procedure 12(b)(6), the court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001).  A court may dismiss a complaint only if it appears beyond doubt the plaintiff can prove no set of facts that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Further, a court must "construe pleadings liberally, and mere vagueness or lack of detail does not

constitute sufficient grounds for a motion to dismiss." *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985). A complaint need not plead law or be tied to one legal theory. *LaPorte County Republican Cent. Comm. v. Board of Comm'rs of the County of LaPorte*, 43 F.3d 1126, 1129 (7th Cir. 1994) (citing *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992)). A complaint may not be dismissed just because it omits factual allegations, but it may be dismissed when the plaintiff makes clear that he does not plan to prove an essential element of his case. *Id.*

Subject Matter Jurisdiction

Defendant implies that, because Plaintiff has failed to state a valid 1983 claim, this Court lacks subject matter jurisdiction over the instant case. Federal district courts are granted subject matter jurisdiction over section 1983 claims by 28 U.S.C. §§ 1331 and 1343. Even where a plaintiff fails to state a recoverable cause of action, the court retains subject matter jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 776 (1946); *Jogi v. Voges*, 480 F.3d 822, 826 (7th Cir. 2007). Failure to state a valid cause of action requires adjudication on the merits, not dismissal for lack of jurisdiction. *Id.* While there are some exceptions to this rule (for example, where a claim may have been brought solely for the purpose of obtaining jurisdiction), none of the exceptions are applicable here. Therefore, this Court has subject matter jurisdiction to adjudicate Plaintiff's complaint on the

merits, and to the extent that Defendants' motion seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), the motion is **DENIED**.


Failure to State a Claim

As noted earlier, Robinson's complaint alleges claims pursuant to 42 U.S.C. section 1983.  In order to prevail on a section 1983 action, a plaintiff must show (1) the deprivation of a right guaranteed by the Constitution or laws of the United States and (2) that the violation was committed by someone acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003).  Although the federal rules do not require a plaintiff to plead with factual specificity, here the plaintiff has chosen to include many factual details in his complaint.  Those facts make it abundantly clear that the named Defendants are not state actors, or acting under color of state law.[2] While there are occasions in which private defendants may be found to be acting under color of state law, the facts of this case, as plead in the complaint and with all inferences in favor of the plaintiff, make it clear that plaintiff cannot establish the state action required to prevail on his section 1983 claims.


CONCLUSION

---

[2]While there are exceptions by which private defendants may be considered to be acting under color of state law, this Court has considered those exceptions and finds none applicable here. *See Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996).

For the reasons set forth above, Defendants' motion to dismiss [DE 12] is **GRANTED**, and the Clerk is **ORDERED** to **DISMISS** this case **WITH PREJUDICE;** Defendants' request for a hearing on the motion to dismiss [contained in DE 27 and 32] is **DENIED;** and, Defendants, R.I.H Acquisitions Indiana, LLC d/b/a Resorts East Chicago and Diane Hensley's, Memorandum of Law in Support of Motion to Dismiss [DE 30] is **STRICKEN**.


DATED: August 6, 2007                    /s/RUDY LOZANO, Judge
                                         **United States District Court**